# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLENE A. JACKSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JUDGE MARGARET MCGARITY,<br>ATTORNEY DOUGLAS F. MANN,<br>and STATE OF WISCONSIN,<br><br>　　　　　　　Defendants. | Case No. 19-CV-1858-JPS<br><br>**ORDER** |

　　　　On December 18, 2019, Plaintiff filed a *pro se* complaint alleging that Defendants violated her rights. (Docket #1). District courts are empowered to *sua sponte* dismiss "frivolous or transparently defective suits," such as this one, "and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). This is so even when the plaintiff has paid the filing fee (as Plaintiff has done). *Id.*

　　　　Plaintiff's allegations are, to put it generously, difficult to follow. As best the Court can tell, some of Plaintiff's real and personal property was taken as part of her ex-husband's bankruptcy proceeding. Plaintiff alleges that this was wrong and that in doing so, Defendants violated her constitutional rights, discriminated against her on the basis of her age, and committed felony crimes.

　　　　There are numerous problems with Plaintiff's allegations, including that Defendants are largely immune from the damages she seeks, but one issue looms above all others. It is clear that Plaintiff is aggrieved by something that occurred during a bankruptcy proceeding which led to her

property being seized and sold. It appears to the Court that Plaintiff is specifically concerned with a judgment issued in an adversary proceeding which avoided a fraudulent transfer of the subject property from her ex-husband to herself. *See In re Danny Joe Hughes*, Case No. 15-23793-BEH (Bankr. E.D. Wis.); *Scaffidi v. Hughes et al.*, Case No. 15-2389-BEH (Bankr. E.D. Wis.), (Docket #85).

Plaintiff's only avenue to challenge that judgment, or any other ruling of the bankruptcy court, is in the bankruptcy proceedings themselves. This includes filing appropriate motions or pleadings in the bankruptcy court, and if those are unsuccessful, filing appropriate appeals. Plaintiff cannot circumvent the normal litigation process by filing a separate civil action in an attempt to change any ruling in the bankruptcy proceedings.[1] The Court will, therefore, dismiss this action for failure to state any viable claims for relief.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2020.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] This concept, known as *res judicata*, bars re-litigation of issues and claims that were finally decided in a prior case. *Atherton v. St. Vincent Hosp.*, 774 F. App'x 304, 305 (7th Cir. 2019).